## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1  CHRISTOPHER SPENCER<br>2  KENNETH BUCK,<br><br>         Plaintiffs,<br><br>vs.<br><br>1  CITY OF OKLAHOMA CITY, Municipality,<br>2  JAMES D. COUCH, City Manager, in his official capacity,<br>3  DIANNA BERRY, Personnel Director, in her official capacity,<br>4  MONICA COLEMAN, Assistant personnel director, in her official and individual capacity,<br>5  PAULA FALKENSTEIN, General Services Director, in her official capacity and individual capacity,<br><br>         Defendants. | Case No.<br><br>Judge<br><br><br>**PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

Comes now the Plaintiffs, Christopher Spencer and Kenneth Buck, by and through counsel, against the Defendants aver the following:

## INTRODUCTION

Plaintiffs are government employees of the City of Oklahoma City, Oklahoma. The Defendants, officials of the City of Oklahoma City ("Oklahoma City" or "the City"), by policy and practice are censoring the Plaintiffs' speech based on its religious viewpoint in violation of the First and Fourteenth Amendments to the United States Constitution. The Free Speech, Free Exercise, and Establishment Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment prohibits the government from suppressing the religious expression of government employees based on the expression's religious viewpoint. Departmental Memo No. 07-23 expressly prohibits city employees from displaying symbols of Christmas from a religious perspective while allowing Christmas displays that are non-religious. (Exhibit 1, Departmental Memo. No. 07-23, hereinafter "the Anti-Christmas Memo," or "Memo.") The Memo also prohibits and Oklahoma City has also applied the Anti-Christmas Memo to prohibit all religious expression and exercise by city employees through the threat of disciplinary action. As Christians, the Plaintiffs desire to celebrate the coming birth of the Savior, Jesus Christ during the traditional Christmas season. Plaintiffs also desire to express their personal religious faith at other times in ways that do not interfere with their work for the City. The Plaintiffs' personal expression is contained within their individual working space and is not accessible to the public. The Defendants have also banned the Plaintiffs from reading the Bible in their break room during their break times on the same

1

terms as other employees are permitted to read non-religious material. Therefore, there is no potential for a perception of government endorsement of religion to justify the suppression of religious expression and exercise.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly the First and Fourteenth Amendments; and under federal law, particularly 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. §§ 1983 and 1988.

2. This Court has original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

3. This Court has authority to issue the requested declaratory relief under 28 U.S.C. § 2201.

4. This Court has authority to issue the requested injunctive relief under 28 U.S.C. § 1343(a)(3).

5. This Court is authorized to award the requested damages under 28 U.S.C. § 1343(a)(3).

6. This Court is authorized to award attorneys' fees under 42 U.S.C. § 1988.

7. Venue is proper under 28 U.S.C. § 1391 in the Western District of Oklahoma because this claim arose there, and the parties reside within the District.

## IDENTIFICATION OF PARTIES

8. Plaintiff, Christopher Spencer, Division Head and Unit Operations Manager, Building Management Division, City of Oklahoma City, Oklahoma.

9. Plaintiff, Kenneth Buck, Carpenter, City of Oklahoma City, Oklahoma.

10. Defendant, City of Oklahoma City.

11. Defendant James D. Couch, City Manager, City of Oklahoma City, Oklahoma, in his official capacity. Among other things, Mr. Couch is responsible for setting policies for the management of Oklahoma City's employees and is the signatory

of the Anti-Christmas Memo issued on November 15, 2007 that began the practice of religious discrimination.

12. Defendant, Dianna Berry, Personnel Director, City of Oklahoma City, Oklahoma, in her official capacity. Among other things, Ms. Berry is responsible for interpretation of city policies, including the Anti-Christmas Memo.

13. Monica Coleman, Assistant Personnel Director, City of Oklahoma City, Oklahoma, in her individual and official capacity. Among other things, Ms. Coleman assists the personnel director in the interpretation of city policies, including the Anti-Christmas Memo to Plaintiff Spencer.

14. Paula Falkenstein, General Services Director, City of Oklahoma City, Oklahoma, in her individual and official capacity. Among other things, Ms. Falkenstein is the direct supervisor of Plaintiff Spencer and continues to enforce the Oklahoma City's Anti-Christmas Memo against him and his subordinates that include, Plaintiff Buck.

## STATEMENT OF FACTS

**Background**

15. On November 15, 2007, Defendant Couch signed the Anti-Christmas Memo and distributed it to Department and Division Heads of Oklahoma City.

16. The Anti-Christmas Memo states in part:

> [T]he First Amendment's Establishment Clause dictates that government employees are not legally permitted to decorate government buildings with holiday displays based solely on religious themes.
> …
> This does not mean that we cannot express our desire to celebrate the holiday season at our workplace. But instead of displaying religious-based scenes, opt for winter scenes. Examples of appropriate displays include evergreen trees, snowflakes, reindeer, snowmen, candles, and Santa Clause, just to name a few. Examples of items that may not be displayed include nativity scenes, troparia, cherubs, angels, crosses, menorahs, and any other symbols of clear religious significance.

17. Plaintiff Spencer first received the Anti-Christmas Memo on November 29, 2007, through inter-office mail.

18. Plaintiff Spencer is a division head in the Building Management Division.

19. Plaintiff Spencer has worked for Oklahoma City in various positions for twenty three years.

20. Plaintiff Buck has been an employee of Oklahoma City for twenty two years.

21. Both Plaintiffs are Christians.

22. As part of their deeply held religious beliefs, Plaintiffs celebrate Christmas as it marks the birth of Jesus Christ, whom God sent to bring salvation to the world.

23. In accordance with his religious beliefs, Plaintiff Spencer intends to celebrate Christmas by displaying on his desk, a nativity scene and crystal cross, but reasonably fears that Defendants will discipline him if he does.

24. Plaintiff Spencer has also engaged in religious expression during his employment with Oklahoma City in his personal office for the past eight to ten years with various religious items he uses to remind him of Jesus' love for him and the commandment to love other people as Jesus loves him.

25. The Building Management Division offices are in a separate location apart from the main city government buildings.

26. The Building Management offices are located at 600 South West 12th Street, Oklahoma City, Oklahoma, 73102.

27. The main city government buildings are located on a campus in the downtown area.

28. City Hall is located on North Walker, across the street is the 100 Walker Building, which houses the finance department in the majority of the space, directly south of that building is the 420 West Main Street building that houses administrative services.

29. City Hall and the 420 Main West Street building contain the public services departments.

30. The Building Management employees service the city buildings and do not interact with the public other than an occasional visit from vendors.

31. Plaintiff Spencer's expression has included the display of a small ichthus on the filing cabinet in his office and a printed copy of Psalm 145:14-21 and Proverbs 21:3 on his office wall. (Exhibits 2, 3, and 4, photos of ichthus on Defendant Spencer's filing cabinet, Spencer's office where he normally kept the scripture verses on the wall of his office above the printer to the right of the paper shown in the picture, and the scripture verses.)

32. Psalm 145:14-21 and Proverbs 21:3 are daily inspirational readings for Plaintiff Spencer.

Psalm 145:14-21 reads:

The LORD upholds all those who fall and lifts up all who are bowed down. The eyes of all look to you, and you give them their food at the proper time. You open your hand and satisfy the desires of every living thing. The LORD is righteous in all his ways and loving toward all he has made. The LORD is near to all who call on him, to all who call on him in truth. He fulfills the desires of those who fear him; he hears their cry and saves them. The LORD watches over all who love him, but all the wicked he will destroy. My mouth will speak in praise of the LORD. Let every creature praise his holy name for ever and ever.

Proverbs 21:3 reads:

To do what is right and just is more acceptable to the LORD than sacrifice.

33. Plaintiff Buck is a carpenter for the Building Management Division.

34. Plaintiff Buck has no private work station or desk to store personal items.

35. The carpentry work area is located next to the Building Management Division's employee break room.

5

36. Building Management Division employees are the primary users of this break room.

37. The public does not have access to this break room.

38. For the past nine years, Plaintiff Buck has kept a Bible in the break room and he reads from it on his breaks. Other employees also read the Bible on their breaks.

39. Employees are permitted to and do keep other non-religious reading materials, such as magazines and newspapers, in the break room. (Exhibits 5 and 6, magazines and newspapers in the employee break room. Exhibit 7, employee break room.)

**Impact of the Anti-Christmas Memo**

40. The Anti-Christmas Memo prohibits both Plaintiffs and Oklahoma City's entire workforce from displaying any items that reflect the religious nature and origin of the Christmas holiday.

41. Defendant Spencer received the Anti-Christmas Memo through inter-office mail on November 29, 2007.

42. The following morning, Plaintiff Spencer sent Defendant Falkenstein an email asking if the memo would require him to remove his ichthus from his personal office space. (Exhibit 8, email between Plaintiff Spencer and Defendant Falkenstein discussing the removal of religious items from his office.)

43. Defendant Falkenstein responded also in an email, "I believe the memo is pretty self-explanatory....'and any other symbols of clear religious significance.'" *Id.*

44. Plaintiff Spencer took her comments to mean that the Anti-Christmas Memo required him to remove the ichthus and scriptures from his personal office space.

45. Plaintiff Falkenstein also referred him to the Ethics Hotline for any additional questions. *Id.*

46. Plaintiff Spencer immediately called the Ethics Hotline and was told to contact the City's personnel department.

47. Plaintiff Spencer immediately contacted Defendant Coleman, Assistant Personnel Director, via telephone and asked her if the Memo required him to remove the ichthus and scriptures from his office. She replied that the memo did require his removal of the religious symbols and that if he failed to remove them it could lead to disciplinary action.

48. On Monday, December 3, 2007, Plaintiff Spencer emailed Defendant Falkenstein asking if the Bible needed to be removed from the break room. (Exhibit 9, email between Plaintiff Spencer and Defendant Falkenstein.)

49. In a responsive email, Defendant Falkenstein stated: "I do not think it appropriate for religious text to be left on the break room table." *Id.*

50. In a separate email exchange between Defendant Falkenstein and Plaintiff Spencer, Spencer expressed his disagreement with the City Manager's direction that all religious references needed to be removed from employee's individual work spaces. Defendant Falkenstein responded in an email to Plaintiff Spencer that she would not speak to the City Manager about the policy because she had no disagreement with the memo. (Exhibit 10, email between Plaintiff Spencer and Defendant Falkenstein discussing the removal of religious symbols.)

51. Plaintiff Spencer has observed in other employees' offices, non-religious secular symbols, such as dream catchers, dragon and wizard figurines, memorial ribbons, and Greek organization's promoting child safety are displayed in workstations and on police vehicles without violating any city policy. (Exhibits 11 and 12, photos of a police vehicle with a memorial ribbon and a Greek organization's decal promoting child safety.)

52. These expressive symbols are in personal offices at the 420 West Main Street building.

53. The 420 West Main building is more accessible to the public than the Building Management Division building and the private offices are behind city counters that have public access.

54. For the past twenty three years, the Building Management Division has organized a Christmas party for its employees. For the past five years, this party included the presentation of gifts to a family in financial need that the department had adopted, a shared Christmas dinner, and an opening prayer. Participation in the prayer is purely voluntary and no one has complained about any aspect of the Christmas party.

55. After the issuance of the Anti-Christmas Memo, Defendant Falkenstein advised Plaintiff Spencer to relocate the Christmas party to an offsite location and advise employees to use vacation time to attend. (Exhibit 13, email between Plaintiff Spencer and Defendant Falkenstein where Falkenstein informs Spencer that the Christmas party should be held off-sight.)

56. Defendant Falkenstein suggested in an email to Defendant Spencer that he and his fellow employees hold a holiday celebration instead of a Christmas party. *Id.*

57. Accordingly, the Christmas party was scheduled for an off-sight location on Thursday, December 20, 2007, during the lunchtime.

58. The Anti-Christmas Memo and Defendants enforcement has targeted the Plaintiffs religious expression and exercise based solely on its religious viewpoint.

59. No complaint has ever been made against Plaintiffs for their personal religious expression and exercise.

60. The Defendants policy and practice has chilled the Plaintiffs from engaging in any religious expression while at work for fear that they will be disciplined.

## STATEMENTS OF LAW

61. Each and all of the acts alleged herein were done by Defendants under the color and pretense of state law, statutes, ordinances, regulations, customs, usages, and policies of the City of Oklahoma City.

62. Government employees do not forfeit their First Amendment rights upon entering the public workplace. *Tucker v. State of Cal. Dep't of Educ.,* 97 F.3d 1204, 1210 (9th Cir. 1996).

63. The government may only restrict religious expression or activity if it prohibits the government from running an efficient workplace, *Pickering v. Bd. of Educ.,* 391 U.S. 563 (1968), or if there is clear evidence that the activity intimidates or harasses coworkers. *Brown v. Polk County.,* 61 F.3d 650, 658 (8th Cir. 1995).

64. Defendants have a duty to set policies that reasonably relate to the City's interest in running an effective and efficient organization without infringing on the constitutional rights of its employees.

65. The Defendants' policy and practice restrict the Plaintiffs' rights without justification because the Plaintiffs' intended expression does not have an actual adverse impact on the City's municipal operations.

66. Plaintiffs suffer irreparable harm daily as their rights are violated.

67. Plaintiffs' suffering will continue unless the Court enjoins the Defendants from enforcing the unconstitutional policies stemming from the Anti-Christmas Memo.

## CAUSES OF ACTION

### VIOLATION OF THE FIRST AMENDMENT'S FREEDOM OF SPEECH CLAUSE

68. The allegations contained in all the preceding paragraphs are incorporated herein by reference.

69. The Defendants' policy and practice violates the First Amendment's Free Speech Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

70. The First Amendment protects religious expression of public employees while at work.

71. The Defendants, through its policy and practice, have engaged in viewpoint discrimination by prohibiting Plaintiffs' from displaying religious symbols and text in their personal offices while allowing the display of similar non-religious items.

72. The Defendants, through its policy and practice, have engaged in viewpoint discrimination by prohibiting Plaintiffs' from keeping and reading a Bible in the break room while allowing employees to keep and read non-religious material in the break room.

73. The Defendants, through its policy and practice, have engaged in viewpoint discrimination by prohibiting Plaintiffs from having a Christmas party because it is religious.

74. The Defendants' restrictions on Plaintiffs speech are overbroad in violation of the First Amendment because they prohibit more speech than necessary to achieve its legitimate government interests.

WHEREFORE, the Plaintiffs respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**VIOLATION OF THE FIRST AMENDENT'S FREE EXERCISE CLAUSE**

75. The allegations contained in all the preceding paragraphs are incorporated herein by reference.

76. The Defendants' policy and practice violates the First Amendment's Free Exercise Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

77. The Free Exercise Clause forbids the government from passing policies and procedures that target religious exercise.

78. The Defendants' policy and practice is neither neutral nor generally applicable with respect to religion since they only target employees engaged in religious exercise and expression.

79. The Defendants' policy and practice targets and prohibits religiously themed Christmas symbols while permitting secular Christmas symbols.

80. The Defendants' policy and practice targets and prohibits religiously themed symbols in Oklahoma City's employee's personal workspaces while permitting secular motivational items.

81. Defendants do not have a compelling reason for restricting the free religious exercise of Oklahoma City employees.

82. Government actions that target religious exercise without a compelling interest violate the free exercise clause.

WHEREFORE, Plaintiffs respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**VIOLATION OF THE FIRST AMENDMENT'S ESTABLISHMENT CLAUSE**

83. The allegations contained in all the preceding paragraphs are incorporated herein by reference.

84. The Defendants' policy and practice violates the First Amendment's Establishment Clause to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

85. The Defendants' policy and practice violate the Establishment Clause because censoring employee speech solely because it is religious exhibits hostility rather than neutrality toward religion.

86. The Defendants' policy and practice of prohibiting religiously themed Christmas symbols demonstrates impermissible hostility towards religion.

87. The Defendants' policy and practice of prohibiting religiously themed symbols in employees individual work spaces demonstrates impermissible hostility towards religion.

88. Defendants have no compelling interest that would justify their hostility towards religion.

89. The Defendants' policy therefore violates the Establishment Clause of the First Amendment.

WHEREFORE, Plaintiffs respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE**

90. The allegations contained in all the preceding paragraphs are incorporated herein by reference.

91. The Defendants' policy and practice violates the Fourteenth Amendment's Equal Protection Clause to the United States Constitution.

92. The Equal Protection Clause requires the government to treat persons similarly situated equally under the law.

93. The Defendants, through its policies and practice, have engaged in unequal treatment of Plaintiffs by prohibiting them from displaying religious symbols and text in their personal offices while allowing the display of similar non-religious items.

94. The Defendants, through its policies and practice, have engaged in unequal treatment of Plaintiffs by prohibiting them from keeping a Bible in the break room while allowing employees to keep and read non-religious material in the break room.

95. The Defendants' unequal treatment of Plaintiffs constitutes a violation of the Plaintiffs' equal protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests the following relief:

96. That this Court issues a temporary restraining order and a preliminary and permanent injunction enjoining the Defendants from enforcing their policy and practice of suppressing Christian speech and religious exercise;

97. That this Court enter a declaratory judgment declaring that the Defendants' policy and practice is facially unconstitutional and violates the Plaintiffs rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

98. That this Court enter a declaratory judgment stating the policy is unconstitutional as applied to the Plaintiffs and violates the Plaintiffs' rights guaranteed under the First and Fourteenth Amendments to the United States Constitution;

99. That this Court award Plaintiffs nominal damages arising from the acts of the Defendants as an important vindication of the constitutional rights at stake;

100. That this Court award Plaintiffs costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988;

101. That this Court grant such other and further relief as the Court deems equitable, just and proper;

102. That this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

103. That this Court retain jurisdiction of this matter as necessary to enforce the Court's orders.

Respectfully submitted this the 17th day of December, 2007.

          By: s/Brently C. Olsson
              Brently C. Olsson, OK Bar No. 12807
              olsson@huckabyfleming.com
              Huckaby, Fleming, Greenwood & Olsson, L.L.P.
              1215 Classen Dr.
              Oklahoma City, OK  73103
              (405) 235-6648
              (405) 235-1533 Fax
              *Local Counsel*

              Benjamin W. Bull, AZ Bar No. 009940 (*Of Counsel*)
              bbull@telladf.org
              Byron J. Babione, AZ Bar No. 024320
              bbabione@telladf.org
              Amy Smith, CA Bar No. 246942
              asmith@telladf.org
              David Sheasby, AZ Bar No. 025751
              dsheasby@telladf.org
              Alliance Defense Fund
              15100 N. 90th Street
              Scottsdale, AZ 85260
              (480) 444-0020
              (480) 444-0028 Fax

              *Attorneys for Plaintiffs*

**VERIFICATION OF COMPLAINT**

I, Christopher Spencer, a citizen of the United States and resident of the State of Oklahoma, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Executed this 17th day of December, 2007, at Oklahoma City, Oklahoma.

*Christopher Spencer*

Christopher Spencer

SWORN TO and SUBSCRIBED before me by Christopher Spencer on December 17, 2007.

*Lisa Smith Honeman*



Lisa Smith, Notary Republic in and for the State of Oklahoma

15

**VERIFICATION OF COMPLAINT**

I, Kenneth Buck, a citizen of the United States and resident of the State of Oklahoma, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Executed this 17 day of December, 2007, at Oklahoma City, Oklahoma.

*Kenneth Buck*
Kenneth Buck

SWORN TO and SUBSCRIBED before me by Kenneth Buck on December 17, 2007.

*Lisa Smith Honeman*

Lisa Smith, Notary Republic in and for the State of Oklahoma

16