IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SPENCER, )<br>KENNETH BUCK, )<br>   )<br>   Plaintiffs, )<br>   )<br>vs. )<br>   )<br>CITY OF OKLAHOMA CITY, Municipality, )<br>JAMES D. COUCH, City Manager, )<br>in his official capacity, )<br>DIANNA BERRY, Personnel Director, )<br>in her official capacity, )<br>MONICA COLEMAN, Assistant personnel )<br>director, in her official and individual capacity, )<br>PAULA FALKENSTEIN, General Services )<br>Director, in her official capacity and )<br>individual capacity, )<br>   )<br>   Defendants. ) | NO. CIV-07-1409-D |

## **ORDER**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2], combined with a supporting memorandum. The Court conducted a hearing on December 18, 2007, regarding the requested temporary restraining order ("TRO"). Plaintiffs appeared through local counsel, Brently Olsson; Defendants City of Oklahoma City and municipal officials appeared through Richard Smith and Amanda Carpenter, Assistant Municipal Counselors. The Court has considered Plaintiffs' Verified Complaint and the motion papers, has reviewed Defendant Oklahoma City's Response and Brief in Support Concerning Plaintiffs' Motion for Temporary Restraining Order [Doc. No. 12], and has heard evidence and arguments of counsel for both parties.

The purpose of a TRO is to preserve the *status quo* between the parties pending an evidentiary hearing regarding whether a preliminary injunction should be ordered. *Granny Goose*

*Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). The "*status quo*" is the last peaceable or uncontested status between the parties prior to the conflict at issue. *Schrier v. University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005). Here, the last peaceable or uncontested status between the parties involved Plaintiffs' displaying religious symbols in their individual work spaces and other areas of the workplace that are not open to public view, and Plaintiffs' use of a Bible in the employee break room where the Bible was kept along with other shared reading material.

The requirements for the issuance of a TRO are essentially the same as those for a preliminary injunction: the movant must clearly establish that "(1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

Plaintiffs complain that they have suffered, and will continue to suffer, irreparable harm because of the City's policy, announced in a memorandum dated November 15, 2007, allegedly prohibiting employees from decoration of their work spaces with religious-based holiday displays or otherwise displaying symbols of religious significance in their work areas which are not ordinarily open to public access.[1] Plaintiffs contend this prohibition has had the effect of preventing them from celebrating the Christmas holiday season consistent with their sincerely held religious beliefs and from expressing those beliefs during a time of religious significance. Further, Plaintiffs

---

[1] *"Plaintiff Spencer seeks to adorn his personal workspace with small, personal religious symbols and inspirational verses. Plaintiffs also wish to continue reading a Bible that Plaintiff Buck keeps on the break room table where other employees are allowed to regularly keep reading materials. The Plaintiffs seek a temporary restraining order (TRO) and Preliminary Injunction against the Defendant's unconstitutional censorship of religious speech. Oklahoma City Departmental Memo No. 07-23 ... on its face and as applied by the Defendants has forced the Plaintiffs to remove all religious symbols and verses from their workspaces, and the Bible from the break room table."* See *Plaintiffs' Opening Memorandum of Law in Support of Motion for Temporary Restraining Order, p.1.*

2

contend the City has applied the policy to prohibit or limit Plaintiffs' ability to keep a Bible in an employee break room for ready access for reading while on work breaks, despite allowing a variety of other reading material to be kept in the same room. For one of the Plaintiffs who has no personal office space, it is alleged that this application of the policy has impeded his ability to access and read his Bible while on work breaks.

Prior to the hearing on Plaintiffs' motion, Defendant Oklahoma City issued and delivered to at least one of the plaintiffs – Mr. Spencer – a memorandum dated December 18, 2007, which purports to clarify the November 17 memorandum. The clarifying memorandum states:

> Department Memo No. 07-23, dated November 15, 2007, regarding "Holiday Decorations" only refers to the holiday season and holiday decorations. The memo specifically addresses holiday decorations in public places at government buildings. The memo does not apply to non-holiday decorations or employee areas not visible to the general public, such as desks, offices, cubicles, etc. Holiday parties are also not prohibited by this memo.[2]

Despite the clarifying memorandum, Plaintiffs persisted in their contention that they continue to suffer irreparable harm, apparently as a result of *any* application of the November 17 memorandum to *any* City employee at *any* location on or within City property. However, no evidence was presented implicating any speech or actions of Plaintiffs other than the above-referenced display of religious symbols or items in their personal workspace and the use of the Bible in the employee break room.

Although the Court acknowledges that infringements of the sort described in the Plaintiffs' motion are most serious and can constitute irreparable harm,[3] the December 18 clarifying

---

[2]*The clarifying memorandum was submitted by the City during the TRO hearing, and its authenticity was acknowledged by the plaintiffs.*

[3]*Limitations on the free exercise of religion and free speech, even for minimal periods of time, constitute irreparable harm. See. e.g., Nichol v. ARIN Intermediate Unit 28, 268 F. Supp. 2d 536, 560 (W.D. Pa. 2003), citing Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144 (3rd Cir. 2002).*

3

memorandum makes abundantly clear that Plaintiffs are not *now* restricted from the displays of religious symbols or items as asserted in the motion for a TRO, nor are they *now* restricted from keeping a Bible in the employee break room, by virtue of the November 15 memorandum. In light of the December 18 clarifying memorandum, it cannot be said that Plaintiffs are continuing to suffer irreparable harm of the sort complained of in the motion for a TRO. This is not to say, however, that a deprivation of Plaintiffs' constitutional rights has not previously occurred, but that is a question for determination in connection with the merits of the underlying action. Because the Court finds that there is no current irreparable harm, the motion for a TRO must be denied.[4]

In light of the Court's ruling with respect to the propriety of a TRO at this time, this matter will not be set for a preliminary injunction hearing absent a change in circumstances.

IT IS SO ORDERED this 19th day of December, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] *In the event Plaintiffs reasonably believe that the City has failed to abide by the December 18 clarification memorandum, they are free to again seek injunctive relief from the Court.*

4